HELEN BENNETT LANGDON, EXECUTRIX OF THE ESTATE OF DR. BEN-JAMIN BRUCE LANGDON, DECEASED v. DR. THOMAS GRAY HURDLE AND DR. CHARLES A. HOFFMAN, JR.

No. 7312DC192

(Filed 14 March 1973)

**Partnership § 9— partnership at will — withdrawal is not breach of contract**

> A partnership for the practice of urology was a partnership at will where the partnership agreement did not provide that the partner-

ship was to continue for any specified time and expressly provided that a withdrawing partner was to receive payment for his share of the partnership assets; and the withdrawal of a partner is not a breach of contract for which that partner may be held liable in damages to his copartner.

APPEAL by codefendant Hurdle from *Herring, Judge,* 13 November 1972 Session of District Court held in CUMBERLAND County.

Plaintiff's intestate and defendants entered into a partnership agreement, on 1 August 1966, to engage as partners in the practice of medicine, specializing in the field of urology. Plaintiff's intestate died in 1970. The parties agreed as to the amount due his estate under the partnership agreement and for a period of time defendants made monthly payments on the account in amounts that had been agreed upon by the parties. Beginning 2 August 1971, defendants ceased the practice of medicine as partners. A dispute thereafter arose as to whether defendants were personally liable for the payments required to the estate of the deceased partner, absent an exhaustion of the partnership assets. Plaintiff brought this action seeking an adjudication of her rights under the agreement. The trial court granted summary judgment in January of 1972, holding that defendants were personally liable to the estate of the deceased partner without the partnership assets first having been exhausted. This Court affirmed. *Langdon v. Hurdle,* 15 N.C. App. 158, 189 S.E. 2d 517.

In an answer filed in this action, Hoffman cross-claimed against his codefendant, asking that the partnership be dissolved; that Hurdle be required to account for partnership assets in his possession; and that a receiver be appointed to take charge of the assets, pay the partnership debts and distribute the remaining proceeds according to the partnership agreement. Hurdle filed a counterclaim to Hoffman's cross-action, alleging therein that Hoffman had breached the partnership agreement through various acts of misconduct and that Hurdle was entitled to recover damages for the breach. Hurdle also asked that the partnership be wound up and dissolved and for incidental relief in connection with such dissolution.

After plaintiff's claim had been adjudicated, defendant Hoffman moved for summary judgment against his codefendant, asking that his codefendant's counterclaim be dismissed and

that the movant receive the relief requested in his cross-action. Judgment was entered allowing the motion, dismissing the counterclaim of Hurdle and appointing a referee and receiver to wind up the partnership and distribute any remaining assets under the supervision of the court.

Hurdle appeals from the entry of this judgment.

*McCoy, Weaver, Wiggins, Cleveland & Raper by Neil V. Davis for defendant appellant Dr. Thomas Gray Hurdle.*

*Williford, Person & Canady by N. H. Person for codefendant appellee, Dr. Charles A. Hoffman, Jr.*

GRAHAM, Judge.

The position taken by appellant in his brief is that his codefendant has wrongfully dissolved the partnership and that appellant is entitled to recover for damages resulting therefrom. His counterclaim, however, seems grounded more upon the theory that during the existence of the partnership, appellee failed to perform in the manner contemplated by the agreement. Among the many grievances set forth by Hurdle are that Hoffman permitted his wife to engage in discussions of partnership business with Hurdle; took excessive time off from his professional duties; refused to visit Hurdle's patients on weekends and afternoons when Hurdle would be off duty; was unfriendly, hostile, uncooperative, and failed to observe professional courtesy and ethics with Hurdle.

In view of the unsatisfactory relationship between the partners, as reflected by the complaints as set forth above, it would seem reasonable to expect appellant to rejoice at the termination of the partnership. However, he alleges that Hoffman wrongfully left the partnership office on 1 August 1971 and set up a separate office, abandoning the partnership. Hurdle says Hoffman had no right to do this and that in doing so he breached the partnership agreement and must respond in damages. We disagree.

The partnership agreement did not provide that the partnership was to continue for any specified period. Paragraph 10 of the agreement expressly provides that a withdrawing partner is to receive payment for his share of the partnership assets. The only penalty set forth for withdrawal is a provision that should Hoffman leave the partnership during the first

five years of the partnership, he would be prohibited from practicing urology in Fayetteville or within a thirty-five mile radius thereof for five years from the date of his departure. This provision is not applicable since the alleged withdrawal by Hoffman did not occur within five years after the partnership originated.

The partnership contemplated by the agreement entered by the partners was a partnership at will. A partnership is a partnership at will unless some agreement to the contrary can be proved. *Campbell v. Miller*, 274 N.C. 143, 161 S.E. 2d 546. In the opinion by Justice Lake in this case we find:

> " 'The significance of the partnership being one at will, *i.e.*, without any definite term or undertaking to be accomplished, is that the termination by the election of a partner is not a breach of contract. Having the legal right to terminate, it would seem that there is no liability for its exercise whatever the motive, and whatever may be the injurious consequences to co-partners, who have neglected to protect themselves by an agreement to continue for a definite term.' Crane on Partnerships, 2d ed., § 74(b). 'According to the majority view, the only difference, so far as concerns the rights of dissolution by one partner, between a partnership for an indefinite period and one for a specified term is that in the case of a partnership for a definite term a dissolution before the expiration of the stipulated time is a breach of agreement which subjects such partner to a claim for damages for breach of contract if the dissolution is not justified, whereas the dissolution of a partnership at will affords the other partner no ground for complaint; in either case the action of one partner actually dissolves the partnership.' 40 Am. Jur., Partnership, § 236. Similarly, in 68 C.J.S., Partnership, § 108, it is said, 'In view of the rule * * * that a partner may exercise his right to dissolve a partnership at will for any reason which he deems sufficient, or even arbitrarily, he is not liable for damages which have resulted to his copartners by reason of such action.' The Uniform Partnership Act, G.S. 59-61, provides that dissolution of the partnership is brought about 'without violation of the agreement between the partners * * * by the express will of any partner when no definite term or particular undertaking is specified.' " *Id.* at 150, 161 S.E. 2d at 551.

We hold that the trial judge correctly determined that no genuine issue of material fact exists in this case. As a matter of law, Hoffman committed no legal wrong in withdrawing from the partnership.

Appellant raised certain matters in his counterclaim relating to the appropriation of partnership funds by appellee to his own personal use. For instance, it is alleged that appellee purchased personal stationery and paid certain attorney's fees from the partnership account; also, that he has not accounted for some of the fees received and that he has removed records and x-rays which were partnership property. All of these matters can properly be resolved by the referee and receiver, with appellant retaining full rights to appeal from any adverse rulings of the referee as by law provided.

Affirmed.

Judges CAMPBELL and BRITT concur.